GRAVITAS LAW GROUP APC
David J. Scharf (SBN 170083)
Admission Pending
620 Newport Center Dr. Suite 1100
Newport Beach, CA 92660
(714) 975-8281 Office
(714) 441-5827 Fax
Attorneys for Defendant
REED'S INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE-MARIE DEHERRERA, individually and on behalf of all those similarly situated, ) ) ) <br><br> Plaintiff, <br><br> v. <br><br> REED'S, INC., a Delaware corporation, <br><br> Defendant. | Case No. 5:26-cv-00572 <br><br> DEFENDANT REED'S INC.'S NOTICE OF RELATED CASE, NOTICE OF INTENT TO FILE RULE 12 MOTION, AND APPLICATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT <br><br> Current response date: March 17, 2026 <br><br> Proposed new response date: March 31, 2026 |

## I.   **INTRODUCTION**

Defendant Reed's Inc. ("Reed's") respectfully submits this combined notice and application to inform the Court of (i) a related, earlier-filed federal action involving identical claims, (ii) Reed's intent to file a motion addressing threshold defects—including under Federal Rule of Civil Procedure 12 and the first-to-file doctrine—and (iii) the need for a brief extension of time to respond to the Complaint.

1

Gravitas has been retained as counsel on the same day that Reed's response is purportedly due, and Reed's has not previously appeared in this matter.

In addition, Reed's has not been served with a summons in this action and has not received any CLRA pre-suit notice, despite Plaintiff's allegation to the contrary.  Reed's was only recently advised by third-party counsel that a proof of service was filed claiming service on February 24, 2026—an assertion Reed's is currently investigating and has no record of.

Further, this action is duplicative of an earlier-filed case pending in the Southern District of California:  *Herrera v. Reed's Inc*., No. 3:26-cv-00756 (S.D. Cal.)

The two cases involve overlapping class definitions, and materially identical allegations. Reed's is already engaged in addressing these claims in that action, including exploring a class-wide resolution.  Under these circumstances, a short extension is warranted to allow Reed's to investigate service, evaluate threshold defenses, and prepare an appropriate responsive motion.

## II.    NOTICE OF RELATED CASE

Pursuant to Local Rule 83-1.3.1, Reed's provides notice of a related action:

Case Name: Herrera v. Reed's Inc.

Case Number: 3:26-cv-00756

Court: United States District Court, Southern District of California

The cases are related because:

They involve the same defendant (Reed's Inc.); They arise from the same alleged conduct (labeling and marketing of Reed's ginger ale products); They assert substantially identical legal claims (including CLRA, UCL, FAL, and warranty theories); and They propose overlapping or identical putative classes.

The earlier-filed Southern District action encompasses the same nucleus of facts and legal issues presented here.

## III.   NOTICE OF INTENT TO FILE RULE 12 MOTION

Reed's intends to file a responsive motion under Federal Rule of Civil Procedure 12 addressing threshold defects in this action, including but not limited to:

1. Insufficient Service of Process (Rule 12(b)(5));

2. Failure to State a Claim (Rule 12(b)(6));

3. Statutory Defects Under the CLRA, including failure to provide pre-suit notice as required by Cal. Civ. Code § 1782(a); and

4. Application of the First-to-File Doctrine, under which this later-filed action should be stayed, transferred, or dismissed in favor of the earlier Southern District action.

The Ninth Circuit recognizes that "[n]ormally, the forum of the first-filed action is favored," and district courts have discretion to stay, transfer, or dismiss duplicative actions involving substantially similar parties and issues. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991).

Given the complete overlap between this action and the earlier-filed case, Reed's anticipates seeking relief on that basis.

## IV.   APPLICATION FOR EXTENSION OF TIME

### A.   Legal Standard

Under Federal Rule of Civil Procedure 6(b)(1), the Court may extend time for good cause. The rule is to be applied liberally. See *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

### B.   Good Cause Exists

Good cause exists for a brief extension based on multiple independent grounds:

1.   Newly Retained Counsel

Gravitas was retained on the same day the response is due. Additional time is necessary to:

* Review the Complaint;

* Investigate procedural defects; and

* Prepare an appropriate response consistent with Rule 11.

2.      Disputed and Potentially Defective Service

Reed's has not been served with a summons and has no record of valid service. The purported February 24, 2026, service is unverified and may have been directed to an incorrect or outdated agent.  This issue alone warrants additional time to investigate and respond appropriately.

3.      Absence of CLRA Notice

Although the Complaint alleges that CLRA notice was provided,  Reed's has no record of receiving such notice. This raises threshold statutory issues that require evaluation.

4.      Duplicative Litigation and First-to-File Issues

This action is duplicative of the earlier-filed Southern District case. Reed's must evaluate and present appropriate relief under the first-to-file doctrine, which implicates judicial economy and case management considerations.

5.      Ongoing Efforts Toward Class-Wide Resolution

Reed's is already engaged in addressing these claims in the earlier action, including exploring resolution on a class-wide basis. Coordinating the procedural posture of these cases requires additional time.

**C.  No Prejudice to Plaintiff**

A short extension will not prejudice Plaintiff:

* The case is at its earliest stage;

4

\* No scheduling deadlines are impacted; and

\* The claims are already being litigated in another federal action.

## V.    **REQUESTED RELIEF**

Reed's respectfully requests that the Court:

1. Accept this Notice of Related Case;

2. Acknowledge Reed's intent to file a Rule 12 motion; and

3. Extend Reed's deadline to respond to the Complaint by 14 days (or such time as the Court deems appropriate).

## VI.    **CONCLUSION**

For the foregoing reasons, Reed's respectfully requests that the Court grant a brief extension of time to respond to the Complaint.

Dated: March 17, 2026

GRAVITAS LAW GROUP APC

By: _____

David J. Scharf
Attorneys for Defendant Reed's, Inc.

.