Charles C. Weller (SBN: 207034)
legal@cweller.com
CHARLES C. WELLER, APC
11412 Corley Court
San Diego, California 92126
Tel: 858.414.7465
Fax: 858.300.5137

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE-MARIE DEHERRERA, *individually and on behalf of all those similarly situated*, <br><br> Plaintiff, <br><br> *v.* <br><br> REED'S INC., *a Delaware corporation*, <br><br> Defendant. <br> _____ | No. 5:26-cv-00572-SSS-ACCV <br><br> **OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE [D.E. 23]** <br><br> Hearing Date: May 15, 2026 <br> Hearing Time: 2:00 p.m. <br> Dept. 2 <br> Hon. Sunshine S. Sykes |

Plaintiff Anne-Marie DeHerrera, by and through her undersigned attorney, files this Opposition to the Defendant's Request for Judicial Notice ("RJN") [D.E. 23], and states the following.

### I.   Plaintiffs Cannot Use Judicial Notice to Dispute Well-Pleaded Facts.

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

But "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1000 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019). The Ninth Circuit has warned against "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint." *Id.* at 998. "Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage," the Court noted. *Id.* at 999. But "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id*. That kind of "undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.*

As such, it is "improper to assume the truth [even] of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. *See also Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of documents, but only to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true").

The same is true of **_inferences_** from the contents of documents subject to judicial notice. *See, e.g., Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2008) (taking judicial notice of the content of federal forms, but "[t]he truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201"); *Gerritsen v. Warner Bros. Ent. Inc.,* 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (same). This principle is consistent with "the prohibition against resolving factual disputes at the pleading stage," as

well as the requirement that inferences on a motion to dismiss be drawn in the non-movant's favor. *Khoja,* 899 F.3d at 1003.

## II. The Exhibits Do Not Counter Plaintiff's Plausible Allegations of Artificiality.

Reed's Request for Judicial Notice is precisely the kind of "unscrupulous use of extrinsic documents" the Ninth Circuit described in *Khoja*. Reed's requests not simply that the Court take judicial notice of three USDA documents, but also that the Court make factual findings based on inferences from these documents.

Notably, none of these documents Reed's proffers state that citric acid derived from the method alleged in the Complaint is "natural" or "nonsynthetic." Instead, they state that citric acid can be extracted from fruits and, ***in that form***, is nonsynthetic. But that is not the form of critic acid that, it is plausibly alleged, Reed's uses in the Products. *See* Compl. ¶¶ 16-25. *See also Carbine v. Target Corp.,* No. CV 24-03721-MWF (AJRX), 2025 WL 501829, at *4 (C.D. Cal. 2025) (rejecting defendant's reliance on USDA documents because plaintiff does not "take issue with the FDA's or USDA's characterizations of citric acid as being "natural" ***in certain circumstances not present here***.") (emphasis in original).[1]

In fact, courts have repeatedly rejected reliance on disputed and tangential USDA and FDA technical documents that Reed's urges here. *See, e.g.*, *Taylor v. Walmart, Inc.*, 789 F. Supp. 3d 774, 786–87 (C.D. Cal. 2025) (rejecting defendant's arguments "disputing whether the alleged fermentation process involving the use of *Aspergillus niger* is natural or artificial" and on "agency reports from the FDA and USDA concerning the categorization of citric acid

---

[1] Defendant's reliance on federal agency documents supposedly establishing that citric acid is "natural" is especially inappropriate considering that FDA—the agency with regulatory authority over food labeling—has never defined what "natural" means for food labeling purposes. *See, e.g., Von Koenig v. Snapple Bev. Corp.*, 713 F. Supp. 2d 1066, 1075 (E.D. Cal. 2010) (describing FDA's abandonment of an attempt to define "natural" for food labeling).

-3-

produced via the fermentation process"); *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 144 (S.D.N.Y. 2021) (rejecting defendant's reliance on "a 2015 Technical Evaluation Report by the USDA that stated that citric acid is natural").

At this stage, Defendant reliance on (frankly strained) inferences from these government documents "do[es] not counter the reasonable inference that the [Product] contain[s] artificially produced citric acid stemming from Plaintiffs' allegations about the prevalence of artificially produced citric acid and lack of commercial feasibility of using naturally produced citric acid." *Taylor*, supra (quoting *Squeo v. Campbell Soup Co.*, No. 24-CV-02235-SVK, 2024 WL 4557680, at *5 n.4 (N.D. Cal. 2024)). "'The important point is that the Court cannot, at this motion-to-dismiss stage, make such a fact-intensive determination about what a reasonable consumer would do when faced with facts about the use of manufactured citric acid in the products, as alleged.'" *Taylor*, 789 F. Supp. 3d at 787 (quoting *Carbine*, 2025 WL 501829, at *5).

Wherefore, Plaintiff respectfully submits that the Request for Judicial Notice should be denied to the extent and for the reasons set forth herein.

Dated: May 4, 2026                                Respectfully submitted,


By: */s/ Charles C. Weller*
Charles C. Weller

*Attorney for Plaintiff*

-4-

OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, May 4, 2026, I caused the foregoing to be filed into the docket of this matter via the Clerk of Court's CM/ECF system, which filing caused service to be made on all counsel of record.

Respectfully submitted,

/s/ *Charles C. Weller*
Charles C. Weller
Attorney for Plaintiff

OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE