UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00572-SSS-ACCVx | Date | May 19, 2026 |
|---|---|---|---|
| Title | *Anne-Marie DeHerrera v. Reed's, Inc.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART REQUESTS FOR JUDICIAL NOTICE [DKT. NOS. 19, 20, 23]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint and Requests for Judicial Notice filed on April 8, 2026.  [Dkt. Nos. 19, 20, 23].  The Motion is fully briefed and ripe for review.  [Dkt. No. 19-1, "Motion"; Dkt. No. 20, "Request"; Dkt. No. 21, Opposition or "Opp"; Dkt. No. 21, "Reply"].  On May 1, 2026, Defendant submitted a Supplemental Request for Judicial Notice.  [Dkt. No. 23, "Supplemental Request"].  Plaintiff filed its objection to Defendant's Requests for Judicial Notice.  [Dkt. No. 24, "Opp to Request"].

## I.   FACTUAL AND LEGAL BACKGROUND

The Court recites the facts as alleged in the Complaint.  [Dkt. No. 1, "Complaint"].  Defendant Reed's Inc. ("Reed's") manufactures, packages, labels, advertises, distributes, and sells Zero Sugar Real Ginger Ale (alternatively, "the Product").  [*Id.* at 1].  On the front and back labels of the Product, there are claims

that the Product has "Natural Ingredients," "Nothing Artificial," and "No Artificial Preservatives."  [*Id.* ¶ 15].

Plaintiff Anne-Marie DeHerrera "prefers to purchase foods free from artificial or synthetic ingredients."  [Complaint ¶ 17].  Before purchasing the Product, Plaintiff "reviewed and relied on [the Product's] label statements."  [*Id.*].  Plaintiff then purchased the Product on Amazon's website on or about December 23, 2024.  [*Id.* ¶ 1].

Plaintiff filed suit on behalf of herself and putative class members against Defendant on February 9, 2026, alleging seven causes of action.  [*See generally* Complaint].  Underlying each claim is Plaintiff's allegation that the Products contains "both erythritol, an artificial sweetener, and citric acid, an artificial preservative."  [*Id.* ¶ 16].

Defendant filed the instant Motion on April 8, 2026, seeking to dismiss each of Plaintiff's claims for lack of standing and failure to state a claim.  [*See* Motion at 10–21].  Plaintiff opposes the Motion, arguing that her claims are legally and factually viable.  [Opp. at 11–29].

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Requests and **GRANTS** Defendant's Motion.

## II.    REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Defendant requests that the Court take judicial notice of seven items, five of which are federal regulations published in the Code of Federal Regulations (Exhibits 1 through 5).  Each of these items are judicially noticeable.  *See Muller v. Morongo Casino, Resort, & Spa*, No. CV 14-02308 VAP, 2015 WL 3824160, at *4 n.8 (C.D. Cal. June 17, 2015) (citing 44 U.S.C. § 1507) ("[D]istrict court may take judicial notice of the Federal Register and the Code of Federal Regulations.").

The other two items in Defendant's initial Request are (1) Exhibit 6: a warning letter issued by the FDA to NRS Enterprises on August 13, 2024; and (2) Exhibit 7, a complaint in *Herrera v. Reed's Inc.*, No. 3:26-cv-00756 (S.D. Cal.),

filed on February 6, 2026.  [Request at 4].  Both are proper subjects of judicial notice as well to the extent that Defendant does not request that the Court consider the contents of the website are true.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (permitting courts to take judicial notice of information on government websites, but not of disputed facts); *see McMunigal v. Bloch*, No. C 10–02765 SI, 2010 WL 5399219, *2 n. 1 (N.D.Cal. Dec. 23, 2010) (granting judicial notice of documents filed in another lawsuit for purposes of noticing the existence of the lawsuit, claims made in the lawsuit, and that various documents were filed, but not for the truth of the matters asserted therein).

Because Plaintiff fails to oppose the Request as to these exhibits, the Court **GRANTS** Defendant's Request as to Exhibits 1 through 7.

After Plaintiff filed her Opposition to the Motion, Defendant then submitted a Supplemental Request, in which Defendant requests judicial notice of three additional items: Exhibits 8 through 10. [1]  [*See generally* Supplemental Request]. Plaintiff opposes the Request, stating that Defendant seeks to improperly use judicial notice to dispute well-pleaded facts.  [Opp. to Request at 2–3].

Exhibit 8 is a copy of the U.S. Department of Agriculture's Technical Evaluation Report from February 17, 2025.  Exhibit 9 is a copy of the U.S. Department of Agriculture's Decision Tree for Classification of Materials from December 2, 2016.  Exhibit 10 is an excerpt of the U.S. Department of Agriculture's Handbook from November of 1956, describing the process by which citric acid is recovered.

Although these materials might be government documents from sources whose accuracy cannot be questioned, the Supplemental Request attempts to request judicial notice of disputed facts.  [*See* Opp. to Request at 3].  Namely, Defendant seeks judicial notice of facts relating to whether a citric acid contained in the Product is artificial.  [*Id.* at 3–4; Supplemental Request at 3–5]. A court cannot take judicial notice of disputed facts contained in such public records. *Khoja*, 899 F.3d 988.  As such, the Court **DENIES** the Supplemental Request.

---

[1] The Court notes that Defendant identifies these exhibits as Exhibit 5, Exhibit 6, and Exhibit 7.  [*See* Supplemental Request at 2].  However, given the existence of Exhibits 5 through 7 from the initial Request, the Court identifies them as Exhibits 8 through 10.

## III.    LEGAL STANDARD

A motion to dismiss an action under Federal Rule 12(b)(1) seeks to dismiss for lack of subject matter jurisdiction.  Lack of Article III standing is a lack of subject matter jurisdiction.  To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)).

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Sierra v. Dep't of Family and Children Servs.*, 2016 WL 3751954, at *3 (C.D. Cal. Feb. 26, 2019) (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)). Jurisdictional challenges can be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, the moving party asserts the allegations in the complaint as insufficient on their face to invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true.  *Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma*, 644 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009).

"By contrast, in a factual attack, the moving party disputes the truth of allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual challenge, a court "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White*, 227 F.3d at 1242.  "Where jurisdiction is intertwined with the merits, the Court must assume the truth of the allegations in the complaint . . . unless controverted by undisputed facts in the record." *Warren*, 328 F.3d at 1139 (citing *Roberts v. Carrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

## IV.    DISCUSSION

The Motion also seeks dismissal of the entire Complaint, raising arguments as to Plaintiff's standing, mootness, and failure to allege adequate facts to support

her claims.  [Motion at 10–18].  In the alternative, Defendant asks that the Court stay or dismiss the suit under the first-to-file doctrine.  [*Id.* at 18–20].

As a threshold matter, Defendant raises a factual attack on Plaintiff's erythritol claims.  [Motion at 10–13; Reply at 2].  Because Article III implicates the Court's subject matter jurisdiction, the Court first addresses Defendant's Rule 12(b)(1) Motion.  A plaintiff must demonstrate constitutional standing separately for each form of relief requested.  *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000).  Plaintiff's claims seek monetary relief and injunctive relief for the allegedly misleading and deceptive nutrition labels.  [Complaint ¶¶ 62, 63 (seeking these two forms of relief for Claim 1); *id.* ¶ 71 (seeking restitution for Claim 2); *id.* ¶ 77 (seeking monetary damages for the price premium paid for Claim 3); *id.* ¶¶ 97, 105, 113, 120 (seeking injunctive relief for Claims 4 through 7)].[2]

The Motion suggests there cannot be standing for any of these claims because Plaintiff cannot show injury-in-fact when Defendant's reformulation ceased the use of erythritol in the Product.  [Motion at 6].  This has been the case since 2023, based on the declarations provided by Defendant.

Plaintiff responds with three arguments.  *First*, Plaintiff argues *Bell v. Hood* applies, and is an extraordinary standard to meet to warrant dismissal for lack of standing.  *Second*, Plaintiff suggests Defendant's declarations are "sham declarations" that the Court cannot consider.  *Third*, Plaintiff argues that the jurisdictional issues are inextricably intertwined with the merits issues.

## A.     Scope of the Court's Review for Factual Attacks

As to Plaintiff's first and third arguments, *Bell v. Hood* presents issues of establishing facts for federal question jurisdiction.  *See Bell v. Hood*, 327 U.S. 678,

---

[2] Private individuals cannot seek damages for unfair business practices under the California Business & Professions Code.  *See* Cal. Bus. & Prof. Code §§ 17200, 17500.  Private remedies are limited to equitable relief, and civil penalties are recoverable only by specified public officers.  *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal.App.3d 758, 774 (1989) (compensatory damages are not recoverable under § 17200); *Chern v. Bank of America*, 15 Cal.3d 866, 875 (1976) (indicating that § 17500 "does not authorize recovery of damages by private individuals").

682–83 (1946). The Court finds the Ninth Circuit's discussion in *Leite v. Crane Co.* to provide better guidance here. *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014). In *Leite*, the Ninth Circuit clarified that a plaintiff must provide competent proof to support jurisdictional allegations when defendant makes a factual attack to subject-matter jurisdiction. *Id.* at 1121. Even though the defendant raises the factual attack, it is the plaintiff who bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. *Id.* Crucially, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22.

Thus, the Court evaluates whether Plaintiff has met her burden of establishing subject-matter jurisdiction, and will resolve any factual disputes that turn on the existence of this Court's jurisdiction.

### B.    Whether Defendant's Declarations are "Sham Declarations"

The Motion challenges Plaintiff's erythritol claims because Defendant "completed the reformulation of its Products and ceased all use of erythritol in July 2023. [Motion at 11]. Because the Complaint specifies that Plaintiff "purchased the Products on or about December 23, 2024," Defendant contends that she cannot allege an injury because "none of the ginger ale products manufactured since July 2023 contained any erythritol." [Complaint ¶ 1; Motion at 11]. To support this position, Defendant provides declarations from Becky Conces, a Quality Assurance Consultant for Reed's, and Doug McCurdy, Chief Financial Officer of Reed's. [Dkt. No. 19-9 ¶¶ 6, 8, 9, "Conces Decl."; Dkt. No. 19-10 ¶¶ 7–9, 11–13 "McCurdy Decl."].

Moreover, because Plaintiff neither alleges examining the ingredient label, testing the Product for erythritol, or identifying the product numbers on the can she purchased, Defendant avers that "Plaintiff has not established—and cannot establish—that the product she purchased contained erythritol." [Motion at 11–12]. If Defendant's assertions are true, then Plaintiff would lack injury-in-fact.

In response, Plaintiff argues that Defendant's assertion that it stopped using erythritol in July 2023 "does not defeat standing where it admits continued use of erythritol labeling through at least May 2025." [Opp. at 11]. The Opposition suggests that "such products remained in circulation at the time of Plaintiff's purchase." [*Id.*]. Plaintiff's argument presumes that the Court cannot consider the

declarations submitted by Defendant because they are "sham declarations" in contradiction with pre-litigation statements.  [*Id.* at 8–9].

The sham declaration rule "prevents 'a party who has been examined at length on deposition' from 'rais[ing] an issue of fact simply by submitting an affidavit contradicting his own prior testimony.'"  *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (alteration in original).  To trigger the rule, "the district court must make a factual determination that the contradiction is a sham, and the 'inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit.'"  *Id.*

Here, the Court finds that Defendant's declarations are not "sham declarations" because it merely clarifies why packaging printed prior to the reformulation continued to circulate through third-party channels.  [*See* Reply at 4; *see generally* McCurdy Decl.].  The pre-litigation statements Plaintiff suggests are contradictory to those contained in the declaration are not irreconcilable with Defendant's position.  As such, the Court considers the declaration in Defendant's factual attack under Rule 12(b)(1).  *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (indicating that courts are not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.").

At the heart of each of Plaintiff's claims is her assertion that she purchased the Product on the belief that it did not contain erythritol, and that the label was misleading.  [*See generally* Complaint].  However, as clarified by Defendant, the Product that Plaintiff purchased did not actually contain erythritol.  [*See* Conces Decl. ¶¶ 6, 8, 9; McCurdy Decl. ¶¶ 7–9, 11–13 "McCurdy Decl.].  Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). The Complaint lacks any allegations to counter these jurisdictional facts, and the Opposition does little to clarify whether Plaintiff's December 2024 purchase contained erythritol.

Where Plaintiff's alleged injury-in-fact is premised on the existence of an ingredient that was not contained in the Product she purchased, there cannot be an injury-in-fact.  *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 961–62 (9th Cir. 2009) (finding no injury-in-fact where plaintiffs allege loss of a benefit that was not part of the bargain); *see also Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 972 (C.D. Cal. 2014) (observing that "[t]here can be no serious

dispute that a purchaser of a product who receives the benefit of her bargain has not suffered Article III injury-in-fact traceable to the defendant's conduct.").

Because Plaintiff does not demonstrate an injury-in-fact for her claims for damages, the Court **GRANTS** the Motion. To the extent it is possible, Plaintiff is granted **LEAVE TO AMEND** to cure any pleading deficiencies.

## V.    CONCLUSION

For the above reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Requests for Judicial Notice. [Dkt. No. 20; Dkt. No. 23]. Moreover, the Court **GRANTS** Defendant's Motion to Dismiss for lack of Article III standing. [Dkt. No. 19]. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

Plaintiff is granted **LEAVE TO AMEND**. Plaintiff is **ORDERED** to file an amended complaint by **June 5, 2026**, as to the surviving claims. Plaintiff is also **ORDERED** to email a red lined version of the amended complaint to SSS_chambers@cacd.uscourts.gov on the date it is filed. If an amended complaint is filed, Defendant must either file a motion to dismiss or responsive pleading within 14 days after being served with the amended complaint.

**IT IS SO ORDERED.**