Charles C. Weller (SBN: 207034)
legal@cweller.com
CHARLES C. WELLER, APC
11412 Corley Court
San Diego, California 92126
Tel: 858.414.7465
Fax: 858.300.5137

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE-MARIE DEHERRERA, *individually and on behalf of all those similarly situated*, <br><br> *Plaintiff*, <br><br> *v.* <br><br> REED'S INC., *a Delaware corporation,* <br><br> *Defendant.* | No. 5:26-cv-00572-SSS-ACCV <br><br> **NOTICE OF MOTION; MOTION FOR CLARIFICATION OR, ALTERNATIVELY, FOR RECONSIDERATION; AND FOR EXTENSION OF TIME** <br><br> Hearing Date: June 26, 2026 <br> Hearing Time: 2:00 p.m. <br> Dept. 2 <br> Hon. Sunshine S. Sykes |

PLEASE TAKE NOTICE that on June 26, 2026 at 2:00 p.m., Plaintiff Anne-Marie DeHerrera will and hereby does move for clarification of the Court's Order dismissing her Class Action Complaint pursuant to Federal Rule of Civil Procedure 60(b), or alternatively for reconsideration under Federal Rule of Civil Procedure 59(a), and for an extension of time for leave to amend, and shows the following.

**A.    Standard**. Courts have considered "motions for clarification" under the standard governing motions for relief under Federal Rule of Civil Procedure 60(b). Under Rule 60(b) a court may relieve a party from a final judgment or order if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The rule is remedial in nature and "must be liberally applied." *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993).

A motion for reconsideration under Rule 59(a) is appropriate if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**B.    The Court Appears to Have Dismissed Plaintiff's Allegations Regarding Citric Acid for Lack of Standing, Despite Plaintiff Not Seeking Dismissal on that Basis.** Here, Plaintiff brought allegations that that the labels of Defendant's Zero Sugar Real Ginger Ale ("the Products") violated *inter alia* the Consumers Legal Remedies Act ("CLRA") in two ways. First, the label claims that the Products contained "Natural Ingredients" and "Nothing Artificial" were false and deceptive because the Products contain erythritol, an artificial sweetener. Compl. ¶¶ 15-17, 26-30. Second, Plaintiff alleged that the label claims that the Products contained "Natural Ingredients," "Nothing Artificial," and "No Artificial

NOTICE OF MOTION; MOTION FOR CLARIFICATION OR, ALTERNATIVELY, FOR RECONSIDERATION; AND FOR EXTENSION OF TIME

Preservatives" were false and deceptive because the Products contain citric acid, an artificial preservative. Compl. ¶¶ 15-25.

Defendant's motion to dismiss these allegations proceeded under two separate Rules and two different theories. First, Defendant argued that the claims relating to erythritol should be dismissed under Rule 12(b)(1) for lack of Article III standing, because Defendant purportedly reformulated its Products to remove erythritol in July 2023 while continuing to ship the drinks in packaging stating that they contained erythritol through "approximately May of 2025." Memo. [D.E. 19-1] at 10-13. Defendant even acknowledged in its Memorandum that this theory was distinct from its arguments relating to citric acid: "Reed's recognizes that the erythritol theory and the citric acid theory are severable. Reed's seeks dismissal of the erythritol claims under Rule 12(b)(1) without prejudice, while addressing the citric acid claims separately under Rule 12(b)(6) and the first-to-file doctrine below." Memo. at 13.

As to citric acid, Defendant sought dismissal of Plaintiff's claims for, alternatively, failure to state a claim Rule 12(b)(6) or the first-to-file doctrine, claiming that a lawsuit filed in the Southern District of California three days prior to Ms. DeHerrera's required dismissal of this case. Memo. 13-20.

On May 19, 2026, this Court granted Defendant's motion to dismiss with leave to amend. *See* Order [D.E. 25]. The Court found that Defendant's declarations purporting to have ceased using erythritol in July 2023 were not "sham declarations" despite the facial contradiction with the Product's outer packaging. Order at 7. The Court found that because Plaintiff's "alleged injury-in-fact is premised on the existence of an ingredient that was not contained in the Product she purchased, there cannot be an injury-in-fact." *Id*. In its summation, the Court stated that it "GRANTS Defendant's Motion to Dismiss ***for lack of Article III standing***," but dismissed all claims without prejudice. Order 8 (emphasis

NOTICE OF MOTION; MOTION FOR CLARIFICATION OR, ALTERNATIVELY,
FOR RECONSIDERATION; AND FOR EXTENSION OF TIME

added). However, the Order made no findings relating to the citric acid claims and did not discuss either the application of Rule 12(b)(6) to Plaintiff's claims or the first-to-file doctrine.

**C.    Requested Clarification**. Plaintiff respectfully requests that the Court clarify the basis for its dismissal of Plaintiff's claims relating to citric acid, as it is unclear what the basis for that dismissal was. This is a matter of significant import in determining whether Plaintiff will seek to amend her Complaint at this time or stand on it.

Should the Court's Order be construed as dismissing Plaintiff's citric acid claims under **_Rule 12(b)(1)_**, Plaintiff avers that this constitutes plain legal error under both Rule 59(a) or 60(b), as Reed's never moved to dismiss DeHerrera's citric acid claims for lack of standing. Alternatively, should the Court's Order be construed as dismissing Plaintiff's citric acid claims under **_Rule 12(b)(6)_**, DeHerrera would respectfully request that the Court clarify the basis for that dismissal to assist her in deciding whether to amend or to stand on her Complaint for purposes of appellate review. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1062 n.5 (9th Cir. 2008) ("'Where a complaint is dismissed on the ground that it fails to state a claim, the order should also inform the plaintiff of the reason for dismissal so that he can make an intelligent choice as to amending.'") (quoting *Bonanno v. Thomas,* 309 F.2d 320, 322 (9th Cir. 1962)).

**D**.    **Alternative Motion for Reconsideration**. Should the Order be construed as dismissing Plaintiff's citric acid claims under the first-to-file doctrine, Plaintiff moves for reconsideration of that decision. A court that determines the first-to-file doctrine applies still has substantial discretion to determine whether the second-filed case should be dismissed, transferred, or stayed. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991). But the Ninth Circuit has held that where a "first-filed action presents a

-4-

likelihood of dismissal," such as when a motion to dismiss the first-filed case has been filed, "the second-filed suit should be stayed, rather than dismissed." *Id*.

Here, Reed's has filed a motion to dismiss the first-filed case, *Herrera v. Reed's, Inc*., No. 3:26-cv-00756-RSH-JLB (S. D. Cal.), which like this case is a class action. *See id*., D.E. 10 (Motion to Dismiss). That motion to dismiss remains outstanding at the time of this filing. If Reed's is successful in its attempt to win dismissal of the first-filed Southern District of California case, Ms. DeHerrera's claims relating to citric acid will be operative, regardless of this Court's dismissal of the erythritol allegations for lack of standing.

And even if Reed's' motion to dismiss the first-filed action is denied, settlement of the Southern District of California matter on an individual rather than a class basis would not extinguish Ms. DeHerrera's individual or class action allegations in this case. *See, e.g., Brady v. AutoZone Stores, Inc.*, 960 F.3d 1172, 1175 (9th Cir. 2020) ("[A] class representative's voluntary settlement of individual claims renders class claims moot."). But requiring her to wait to refile her class-wide citric acid claims until such time as the Southern District of California case is resolved "would risk encountering statute of limitations problems," which is a well-recognized separate basis for staying rather than dismissing a second-filed action. *Alltrade*, 946 F.2d at 629. *See also WCDS Buyer, Inc. v. Sohrab,* No. 8:24-CV-02523-FWS-KES, 2025 WL 2093422, at *3 (C.D. Cal. 2025) (same, citing *Alltrade*); *Asset Allocation & Mgt. v. Western Employers Ins.*, 892 F.2d 566, 571 (7th Cir. 1989) ("Granted, the statute of limitations problems may not be serious.... But why take chances? It is simpler just to stay the second suit.").

Ms. DeHerrera has every intention of pursuing a class-wide resolution of her claims if the Southern District of California matter is dismissed or resolved on an individual basis. But dismissal of this case presents the real possibility of

-5-

NOTICE OF MOTION; MOTION FOR CLARIFICATION OR, ALTERNATIVELY, FOR RECONSIDERATION; AND FOR EXTENSION OF TIME

denying her that statutory and due process right. If the first-filed suit is resolved on a class-wide basis, "the stay could be lifted and the second-filed action dismissed or transferred." *WCDS Buyer,* 2025 WL 2093422, at *3. But dismissal places Ms. DeHerrera's cognizable class claims under the CLRA at substantial risk of being extinguished despite her diligence in pursuing them.[1]

**E.    Motion for Extension of Time to Amend**. Given the lack of clarity regarding the basis for the district court's Order dismissing her citric acid claims—and the importance of clarifying that basis in order to determine whether amendment or appeal is the appropriate response—Ms. DeHerrera respectfully moves for an extension of time to amend her Complaint, to run 14 days after the resolution of this Motion.

As set forth in the Weller Declaration, the undersigned met and conferred with counsel for Defendant regarding this motion. Defendant states that it (1) does not oppose the motion for clarification of the basis of the Court's dismissal of the citric acid claims; (2) opposes the alternative motion to reconsider dismissal of the citric acid claims under the first-to-file rule; and (3) does not oppose the motion to extend Plaintiff's time to amend.

In conclusion, Plaintiff respectfully request that the Court (1) clarify the basis for its dismissal order as to Plaintiff's citric acid claims; (2) alternatively, reconsider its Order dismissing those claims on the basis of the first-to-file doctrine; and (3) extend Plaintiff's time to amend to 14 days after the resolution of this motion.

---

[1] The structure of the Court's Order also raises a conundrum. Does the Court's leave to amend apply to the citric acid allegations as well as the erythritol claims? If so, and the Court's dismissal is based on the first-to-file doctrine, that raises the prospect of Plaintiff amending her citric acid claims only to have them dismissed again under the first-to-file doctrine, in a kind of infinite loop.

-6-

Respectfully submitted,

/s/ *Charles C. Weller*
Charles C. Weller (SBN: 207034)
Attorney for Plaintiff

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on this date, May 29, 2026, I caused the foregoing to be filed into the docket of this matter via the Clerk of Court's CM/ECF system, which filing caused service to be made on all counsel of record.

Respectfully submitted,

/s/ *Charles C. Weller*
Charles C. Weller (SBN: 207034)
Attorney for Plaintiff

NOTICE OF MOTION; MOTION FOR CLARIFICATION OR, ALTERNATIVELY, FOR RECONSIDERATION; AND FOR EXTENSION OF TIME